UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS, et al.,

       Plaintiffs,

v.

FEDERAL BUREAU OF
INVESTIGATION,

       Defendant.

_____/

Case No. 17-cv-10579

HON. MARK A. GOLDSMITH

**OPINION AND ORDER**
**(1) SUMMARILY DISMISSING THE COMPLAINT UNDER 28 U.S.C. §§ 1915(e)(2)(B)**
**and 1915A(b), AND (2) DENYING PLAINTIFFS' MOTION (Dkt. 5) AS MOOT**

Plaintiff Donald Sturgis, proceeding pro se, is a state prisoner at the Thumb Correctional Facility in Lapeer, Michigan. Sturgis purports to bring this civil-rights action with his brother, David Poole. See generally Compl. (Dkt. 1). The Federal Bureau of Investigation is the sole defendant in this case.

The complaint alleges that the Lapeer County Sheriff's Department issued a purchase permit to Poole, but the FBI deprived Poole of his Second Amendment right to bear arms by denying Poole's application for a permit to carry a concealed weapon. Compl. at 1-2 (cm/ecf pages). The purported basis for denying the permit was the fact that Sturgis has a criminal record and is serving a Michigan sentence. Id. at 2 (cm/ecf page). Sturgis alleges that Poole lacks a felony record and meets the criteria for carrying a concealed weapon, because Poole's business takes him to several urban crime areas at all hours of the night. Id. Sturgis further asserts that his record is no excuse for the FBI to deny Poole his right to bear arms and that, without the permit, the Sturgis family also is at risk for crime and violence. Id.

Plaintiffs seek an order directing the FBI to show cause why the agency has denied Poole his Second Amendment right to bear arms. In addition, if the agency provides an unsatisfactory explanation, Plaintiffs seek an order compelling the FBI to comply with the requirements of the Second Amendment and to issue the desired concealed weapons permit. Plaintiffs also filed a motion (Dkt. 5) seeking a court order for the FBI to provide a responsive pleading.

## I. STANDARD OF DECISION

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010). "In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II. ANALYSIS

The Court begins its analysis by addressing the issue of Sturgis' standing. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A "§ 1983 cause of action, by virtue of the explicit language of the section itself, is a personal action cognizable only by the party whose civil rights had been violated[.]" Jaco v. Bloechle, 739 F.2d 239, 242 (6th Cir. 1984).

The facts, as alleged in the complaint before the Court, fail to demonstrate that the FBI did anything to violate Sturgis's civil rights. Thus, Sturgis cannot state a claim against the FBI, because he at no point had standing to assert a claim on behalf of others, such as Poole and the Sturgis family. Barnett v. Luttrell, 414 F. App'x 784, 787 (6th Cir. 2011).

Poole would have standing because the complaint alleges that the FBI denied his application to carry a concealed weapon. Nevertheless, Poole did not sign the complaint. He also did not pay his share of the filing fee or submit an application to proceed without prepaying the fees and costs for this action. It is unclear whether he even intended to join this action.

Even assuming that Poole is a party to this action, the complaint must be dismissed because, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," and "[s]overeign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). "[T]he FBI is a federal agency and . . . Congress has not revoked its immunity." Gerritsen v. Consulado Gen. De Mexico, 989 F.2d 340, 343 (9th Cir. 1993).

Furthermore, although the Supreme Court has held that a "ban on handgun possession in the home violates the Second Amendment," District of Columbia v. Heller, 554 U.S. 570, 635 (2008), "the right secured by the Second Amendment is not unlimited," id. at 626. It does not "protect the right of citizens to carry arms for any sort of confrontation." Id. at 595 (emphasis in original).

The Supreme Court's decision in Heller suggests that the denial of a concealed weapons permit does not infringe on a civil right. United States v. Sanford, 707 F.3d 594, 597 (6th Cir. 2012). The Ninth Circuit Court of Appeals, in fact, has concluded "that the Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public." Perutz v. Cty. of San Diego, 824 F.3d 919, 939 (9th Cir. 2016), petition for cert. filed, No. 16-894 (U.S. Jan. 12, 1917). In so holding, the Ninth Circuit joined several of its sister circuits that have "upheld the authority of states to prohibit entirely or to limit substantially the carrying of concealed or concealable firearms." Id. (collecting cases from the Second, Third, Fourth, and Tenth Circuits); see also Pencak v. Concealed Weapon Licensing Bd. for Cty. of St. Clair, 872 F. Supp. 410, 413 (E.D. Mich. 1994) (stating that "[t]he Second Amendment . . . does not provide Plaintiff with a fundamental right to carry a concealed weapon").

### III. CONCLUSION

For the reasons given above, the complaint is frivolous and fails to state a plausible claim on which relief may be granted. The Court, therefore, summarily dismisses the complaint (Dkt. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and denies Plaintiffs' motion (Dkt. 5) as moot. The Court also certifies that an appeal from this order would be

frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 442-45 (1962).

SO ORDERED.

Dated: April 13, 2017  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 13, 2017.

s/Karri Sandusky  
Case Manager